IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CLEVEN LEWIS ROBERSON          :
                               :
v.                             :   Civil No. WMN-07-1098
                               :
PAUL T. GRAZIANO               :
                               :

### MEMORANDUM

Before the Court is the motion of Defendant, Paul T. Graziano, Executive Director, Housing Authority of Baltimore City (HABC) to dismiss the Complaint.[1]  Paper No. 5.  The Plaintiff, Cleven Lewis Roberson, pro se, filed a motion for summary judgment which the Court will treat as a response.  Paper No. 8.  Defendant has replied.  Paper No. 9.  Upon a review of the pleadings and applicable case law, the Court determines that no hearing is necessary (Local Rule 105.6) and that Defendant's motion will be granted.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff instituted this civil action under the Fair Housing Act (FHA) alleging that Defendant discriminated against him in the sale or rental of housing in violation of 42 U.S.C. § 3604(b) & (f)(2) and failed to provide a reasonable housing accommodation for the Plaintiff's disability in violation of 42

---

[1] Defendant filed his motion to dismiss on July 9, 2007.  The following day, Plaintiff filed a motion for default alleging that Defendant failed to timely answer the Complaint.  Paper No. 6.  Given that the Defendant asserted a defense to the action in accordance with Rule 12(b) prior to the motion for default, the motion for default will be denied as moot.

U.S.C. § 3604(f)(3).

Plaintiff is a resident of Douglas Homes Public Housing Authority (Douglas Homes) located in Baltimore City and operated by the HABC.  He alleges that he notified Defendant and his subordinates of various inhumane conditions at Douglas Homes ranging from drug activity and prostitution to cannibalism, but received no relief.  Compl. ¶¶ 6, 9-10.  Plaintiff also alleges that he was subjected to an "illegal review" of his HABC lease in May of 2004, Compl. ¶ 13; that, in October of 2004, he made a formal request for a transfer based on a medical condition, but was never transferred, Compl. ¶¶ 17-19; and that, in December of 2004, the manager at Douglas Homes improperly raised Plaintiff's monthly rental payment from $0 to $244 based on an erroneous calculation of Plaintiff's annual income.  Compl. ¶¶ 20, 23-27.  He asserts damages in the amount of $50,000,000.

The Defendant filed a "Motion to Dismiss, Motion for Summary Judgment, or, in the Alternative for a More Definite Statement," arguing that Plaintiff failed to state a claim under the FHA, that certain of his complaints are time barred, and that the Defendant is immune from suit as a public official absent a showing that he acted with malice.[2]

---

[2]The Court assumes that Plaintiff intended to sue Defendant in his official capacity as Executive Director of the HABC.  Accordingly, the real party in interest is the local government, i.e., the HABC.  See Monell v. Dep't of Social Servs., 436 U.S. 658, 690 n. 55 (1978) (noting that official capacity suits are

2

**II. STANDARD OF LAW**

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  In considering such a motion, the court is required to accept as true all well-pled allegations in the Complaint, and to construe the facts and reasonable inferences from those facts in the light most favorable to the plaintiff.  See Ibarra v. United States, 120 F.3d 472, 473 (4th Cir. 1997).  "To survive [a] motion to dismiss, Plaintiffs must have alleged facts that show that they are entitled to relief on their substantive causes of action." In re Criimi Mae, Inc. Sec. Litig., 94 F. Supp. 2d 652, 656 (D. Md. 2000).

**III. DISCUSSION**

Plaintiff asserts causes of action under 42 U.S.C. §§ 3604(b) & (f),[3] which provide, in pertinent part, that it is

---

another way of pleading an action against a local government when it could be sued in its own right); See also Md. Code Ann., Cts. & Jud. Proc. § 5-301(d)(15) (defining the term "local government" to include local housing authorities).

[3]Plaintiff does not specifically allege any causes of action, but he does cite to sections 3604(b) and (f)(2) and to section 3617 of the statute in the preamble to his complaint. While the Plaintiff did not cite to section 3604(f)(3), his complaint that the Defendant failed to transfer him after he made a written request documenting a medical condition is suggestive of a claim for denial of reasonable accommodation.  Accordingly, the Court will consider it as such.

3

unlawful:

>   (b) To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin.
>
>   ***
>
>   (f). . .(2) To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of-- (A) that person . . . .
>
>   ***
>
>   (3) For purposes of this subsection, discrimination includes – . . . (B) a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling[.]

To make out a prima facie case of discrimination under section 3604(b), Plaintiff must show that he is a member of a protected class and that he was treated differently than other tenants as a result of his membership in that class. See Mobley v. Rosselle, 297 F. Supp. 2d 835, 838-39 (D. Md. 2003) (discussing elements of a cause of action under section 3604(b)). Under section 3604(f), Plaintiff must show that he is handicapped and that he was either discriminated against because of his handicap or denied a reasonable accommodation necessary to allow him the same use and enjoyment of his dwelling as other non-handicapped persons. 42 U.S.C. § 3604(f); See also Croley v. Hunting Creek Club Condo. Ass'n, Civ. No. 05-1326, 2005 WL

5269272 at *2 (dismissing a cause of action for discrimination on the basis of a handicap under the FHA where the plaintiff failed to allege that "any of his perceived discrimination is a result of his handicap").

In his Complaint, Plaintiff does not allege membership in a protected class and, while he asserts that he suffers from a medical condition, he does not allege the nature of that condition.  See Compl. ¶ 17 (stating that Plaintiff attached to his request for a transfer the "needed medical documentation"). In his motion for summary judgment, which the Court is treating as his opposition, Plaintiff asserts that he is a "black, African-American, male . . . and disabled."  Opp. ¶ 2.  He further alleges that he suffers from a heart condition.  Id. at ¶ 17.  The Court assumes that Plaintiff intends to allege membership in a protected class by virtue of his race and that his disability is a heart condition.  Even crediting these allegations, however, Plaintiff fails to state a claim because he never explains how he was treated differently than other tenants in public housing as a result of his race or handicap.

The majority of Plaintiff's allegations concern conditions at Douglas Homes that would appear to affect all tenants equally, such as prostitution and drug trafficking in the common areas of the development.  Plaintiff's allegations concerning the purportedly erroneous calculation of his monthly rent make no

5

reference to his race or any discriminatory conduct on the part of the Defendant.  Moreover, Plaintiff does not even allege precisely how the calculation was erroneous.  Similarly, while Plaintiff complains that his request for a transfer on the basis of a medical condition was never acted upon, he does not allege that Defendant's failure to act was in anyway predicated on his status as a handicapped person or why his handicap necessitated a transfer in order to allow him equal use and enjoyment of his dwelling as non-handicapped tenants.

Finally, Plaintiff also attempts to state a cause of action under 42 U.S.C. § 3617, which prohibits, <u>inter alia</u>, coercion, interference, intimidation, and threats against a person with regard to their enjoyment of other rights protected under the FHA.  Plaintiff does not allege any facts to support a cause of action under this section.

Accordingly, the Court concludes that Plaintiff has failed to state a claim under the FHA and the complaint will be dismissed.[4]

---

[4] The Court notes that even if Plaintiff were to amend his complaint to allege the facts asserted in his motion for summary judgment with regard to his race and medical condition, he would still fail to state a claim because he alleges no facts in support of the contention that the complained of actions by the Defendant were discriminatory in nature, i.e., that he was treated differently than other tenants as a result of his race or disability. Thus, it is likely that amendment under the circumstances will be futile. <u>See</u> <u>In re PEC Solutions, Inc. Sec. Litig.</u>, 418 F.3d 379, 391 (4th Cir. 2005) (noting that leave to amend need not be granted where it would be futile).

**IV. CONCLUSION**

For the reasons stated above, Defendant's motion to dismiss is granted. A separate order will issue.

                                                       /s/
                                      William M. Nickerson
                                      Senior United States District Judge

Dated: September 21, 2007